BARNES, J.,
for the Court:
¶ 1. Bruce D. Goodwin, appearing pro se, appeals the decision of the Circuit Court of Lincoln County, which affirmed the decision of the Board of Review (Board) of the Mississippi Department of Employment Security (MDES) denying him unemployment benefits. Finding there was substantial evidence to support the Board’s decision, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Goodwin had been employed with Holmes Oil & Gas Field Services, Inc. (Holmes) as a laborer on a part-time, as-needed basis until March 18, 2010, when he was discharged. Goodwin had refused work due to a family responsibility on February 23 through 26, 2010, and had also refused work on January 6, 2010. On March 11, 2010, Goodwin filed for unemployment benefits with MDES.
¶ 3. An MDES claims examiner investigated the facts surrounding the claim and found Goodwin eligible for benefits because he was “not subject to disqualification based on his refusal to work.” Holmes appealed, and a telephonic hearing was held with an MDES administrative law judge (ALJ), Goodwin, Rene Ziegler (a representative of Holmes and its vice president), and two witnesses — Jerry Kelly, who called Goodwin if work was available, and Mike Ziegler, President of Holmes. The ALJ reversed the claims examiner’s decision, finding that Goodwin had refused work without showing good cause to do so.
¶ 4. Goodwin appealed to the Board, which affirmed the ALJ’s decision, stating that failing to report for work due to family responsibilities is,not good cause under the law. Goodwin then appealed to the Circuit Court of Lincoln County, which affirmed the Board’s decision. Goodwin now appeals to this Court.
STANDARD OF REVIEW
¶ 5. Our standard of review for an unemployment compensation case is restrictive. Mississippi Code Annotated section 71-5-531 (Rev. 2011) provides that the Board’s findings of fact are conclusive, if supported by substantial evidence and ab *634 sent any indication of fraud. Thus, judicial review is confined to questions of law, which are reviewed de novo. Brown v. Miss. Dep’t of Employment Sec., 29 So.3d 766, 769 (¶ 7) (Miss.2010). Additionally, there is a rebuttable presumption the Board’s decision is correct, and the challenging party has the burden of proving otherwise. Allen v. Miss. Employment Sec. Comm’n, 689 So.2d 904, 906 (Miss.1994).
DISCUSSION
¶ 6. Goodwin argues that he was terminated from Holmes because he filed for unemployment. He claims Mike Ziegler told him that if he ever filed for unemployment, he would be fired. After he filed, Goodwin stated Rene Ziegler informed him that if he continued to file for unemployment, the company would have to let him go. Goodwin claims he had no choice in filing for unemployment; even though he was a part-time employee he was receiving fewer and fewer hours, he could not find another job, and he was unable to pay his bills. Holmes told Goodwin he was fired for not reporting to work when called in February 2010, but Goodwin contends his phone records prove Holmes never called him.
¶ 7. Mississippi Code Annotated section 71 — 5—513(A)(3) (Rev. 2011) provides that an individual shall be disqualified from unemployment benefits if MDES finds that the claimant “has failed, without good cause ... to accept suitable work when offered him....” In determining what constitutes suitable work, “the department shall consider among other factors the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence....” Miss. Code Ann. § 71-5-513(A)(3)(a).
¶ 8. After a telephonic hearing, the ALJ found that Goodwin did not have good cause to refuse the work offered by Holmes. Holmes hired Goodwin on an “as needed” basis. Holmes called Goodwin to come to work on four days — February 23 through 26, 2010. Goodwin did not report to work due to family responsibilities; specifically, his grandchild was hospitalized, and he was the only person who could care for her. However, the ALJ found Goodwin’s reason for refusing work was not good cause under the law (specifically sections 71-5-513(A)(3) and 71-5-355), and benefits were denied.
¶ 9. Although Goodwin contends in his brief that he was not called to work on these days, he admitted at the hearing before the ALJ that he told Kelly in a phone conversation that his grandchild was hospitalized, and he could not work on these days. The Board adopted the ALJ’s findings of facts and decision.
¶ 10. Goodwin fails to cite any legal authority for his argument. Arguments on appeal shall “contain the contentions of the appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” M.R.A.P. 28(a)(6). “Failure to comply with [Rule] 28(a)(6) renders an argument procedurally barred.” Birrages v. Ill. Cent. R.R. Co., 950 So.2d 188, 194 (¶14) (Miss.Ct.App.2006). Procedural bar notwithstanding, Goodwin’s arguments are without merit.
¶ 11. There is no dispute that the offer of work was suitable for Goodwin. The issue on appeal is whether there is substantial evidence to support the Board’s decision that Goodwin did not have good cause to refuse the work offered by Holmes. Further, as MDES points out in their brief, while Goodwin’s taking care of *635 his grandchild is certainly a good personal reason for refusing the offer of work, it is not “good cause” under the law. While we can find no caselaw on what exactly would constitute “good cause” in refusing an offer of work in this specific scenario, Mississippi Code Annotated section 71-5-513(A)(1)(a) (Rev. 2011), which governs good cause for voluntarily leaving employment, provides that “marital, filial and domestic circumstances and obligations shall not be deemed good cause” for leaving employment. Therefore, we agree with MDES that Goodwin’s domestic circumstance would not be deemed good cause in refusing a suitable offer of work. Thus, the Board properly denied Goodwin unemployment benefits.
¶ 12. There was substantial evidence to support the Board’s ruling. Accordingly, we affirm the circuit court’s judgment, which affirmed the Board’s denial of unemployment benefits.
¶ 13. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.